IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON-DIVISION


FILED
MAY 11 2020
David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| NIKITA VAN GOFFNEY, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-02-2638 |
| | § | |
| J. SAUCEDA, ET AL., | § | |
| Defendants. | § | |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO ADD OR AMEND FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiff Goffney asks the Court to add or amend findings of fact and conclusions of law entered on April 16, 2020, as authorized by Federal Rule of Civil Procedure 52(a)(2).

### A. Introduction

1. The plaintiff is Nikita Goffney (Goffney); the defendants are J. Sauceda, et al.
2. Plaintiff Goffney sued defendants for conspiracy, falsifying government documents, excessive use of force, and other claims.
3. After considering Goffney's motion for Temporary Restraining Order and Preliminary Injunction (Injunction), the Court denied the motion and made findings of fact.
4. The Clerk entered judgment on April 16, 2020, and Goffney files this motion on May 6, 2020, which is within 28 days after the judgment.

# B. ARGUMENT

5. A court should, on a party's motion, make additional specific findings of fact to correct incomplete or erroneous findings. See Golden v. Blount, Inc. v. Robert H. Peterson Co., 438 F.3d 1354, 1357-58 (Fed. Cir. 2006). In this case, the findings are incomplete and erroneous as the Court refers to only the Temporary Restraining Order (see April 16, 2020, Order); accordingly, Goffney also requested a preliminary Injunction. (See Declaration and Memorandum of Law in Support of Motion for Temporary Restraining Order and Preliminary Injunction). Therefore, the Court should make additional findings and conclusions because a court must state the findings of fact and conclusions of law that supports its action. 52(a)(2) Fed. R. Civ. P.

6. Additionally, the Court incorrectly states "Goffney says that he is being...denied access to the courts and due process by people in Texas prison system." (April 16, 2020, Order).

7. According to Goffney's Declaration, TDCJ's executive staff and subordinate Wynne Unit staff retaliates and subjects him to continuing bouts of gratuitous mistreatment and harassment. (See Goffney's Dec. pp. 2-4, ¶¶ 17-47; see also Memorandum at p. 3). Nowhere in either the Declaration or Memorandum does Goffney accuse TDCJ or its subordinate staff of denying him access to courts or due process. (Id.)

8. Goffney does complain, however, the defendants retaliated against him and they have denied and continue to deny him access to courts and due process. (Goffney's Dec. p. 2, ¶¶ 10-16); Christopher v. Harbury,

2

534 U.S. 403, 413-15 (2002).

9. Goffney's declaration at p.2 ¶10 states defendants retaliated against him by obtaining an indictment with evidence they fabricated to implicate him of possessing cocaine and a gun. (Dec. p.2 ¶10). Moreover, that the trial transcript has been intentionally and deliberately altered to conceal and cover-up the misconduct that occurred at trial. (Id. at 14); Harbury, 536 U.S. at 414.

10. If the Court will recall on October 23, 2017, it admitted it changed Goffney's address in its database/computer. (See October 23, 2017, Hearing Transcript (Day 1) Day 1, 91-100; Goffney asks the Court to take judicial notice of its own records. Fed. R. Evid. 201(c)(2)).

11. Goffney's address was changed from 2802 Arbor St., in Houston, Texas 77004 (Arbor street) to 523 South 12th St., in Conroe, Texas 77301 (12th street); this address change occurred without his knowledge, request, or permission. (See October 24, 2017, Hearing Transcript (Day 2) Day 2, 116-117).

12. Afterward, official federal court documents were created that erroneously represented 523 South St, as Goffney's address, and copies of the documents were sent to Montgomery County Attorney's Office (County Atty's Office), defendants' counsels, and the 12th street address. (Day 1 93-96).

13. The erroneous documents were combined with evidence Defendant Juan Sauceda had fabricated to implicate Goffney in the commission of the offenses; and, afterward, the combined items were presented to a

3

Montgomery County Grand Jury who issued a two count indictment against Goffney. (See Day 1, 99-100).

14. Goffney's criminal trial was channeled through Judge Michael T. Seiler. (See Goffney's Declaration p.2 #11). Judge Seiler was employeed as an assistant district attorney in Montgomery County District Attorney's Office (DA's Office) between 1996 and June 2008, which means both the September 11, 2000, events that make-up this civil lawsuit (the protected conduct/activity Goffney was participating), and he worked in the DA's Office when it investigated Defendant Sauceda's new allegations he filed against Goffney, when the DA's Office prepared the complaint, and when it obtained the indictment against Goffney. (See Day 2, 132-135).

15. The Texas Supreme Court is solely responsible to "promulgate rules of administration" for the judicial branch of government "necessary for the efficient and uniform administration of justice." Texas Constitution Article V, §31. When it expanded on article V, §11 of Texas Constitution, the Court explained Rule 18b (a)(1) of Texas Rules of Civil Procedure embodies that a judge is vicariously disqualified under the constitution as having "been counsel in the case" if a lawyer with whom the judge previously practiced law served as counsel to a party concerning the "same matter in controversy," during their association. In re O'Conner, 92 S.W.3d 446, 448 (Tex. 2002) (Goffney asks the Court to take judicial notice of Texas law. 201(c)(2) Fed.R. Evid.) The purpose of Texas Constitution's article V, §11 is to preserve the appearance of judicial impartiality by prohibiting a judge from sitting in a case to which he or she has to close a relationship — financial, familial, or profession.

4

16. Texas' construction of the disqualification of a judge is virtually identical to the federal courts construction as explained by the Supreme Court in Liteky v. U.S., 510 U.S. 540, 547, 114 S.Ct. 1174, 127 L.Ed.2d 474 (1994). The exception though, Texas prosecutors are officers of the judicial branch of government, Saldano v. State, 70 S.W.3d 873, 878 (Tex.Crim.App. 2002), not the executive branch. (Day 2, 132-135).

17. According to Goffney, the trial transcript has been deliberately and intentionally altered, changed, and manipulated to conceal and cover-up Judge Seiler's inappropriate participation and conduct that deprived Goffney of a fundamentally fair trial. (Goffney's Dec. p.2, ¶ 14; see also D.E. 274 Motion for Leave to File Supplemental Pleading). And, despite Goffney had notified Texas courts and officials responsible to hold a hearing to determine the extent of the inaccuracies and correct the transcript, no hearing was held and the criminal convictions were affirmed "based on the records of the court below." (Goffney's Dec at 16).

18. The Court's April 16, 2020, order further states that "Goffney also does not show that the defendants cause or are related to his complaints with the prison system." (April 16, Order). But, the only party stood to benefit by the Court's change of Goffney's address was the defendants. In fact, a month after the address change the defendants obtained the indictment against Goffney, although the alleged offenses occurred three months before the change of address.

19. Goffney explained in his initial complaint: "I believe they [the defendants] have and are retaliating against me by placing false and incriminating information in my prison and parole files and

5

may have done other things which must be determined after receiving copies of my files." (D.E. 1 at p. 5 of 8). Unfortunately, Goffney did not receive the file until July 23, 2010, when he acquired the transcript of the offenses he is now in prison.

20. In the Temporary Restraining Order and Preliminary Injunction Goffney filed in 2010 with regard to the same matters he still complains and seek injunctive relief in 2020, his declaration refers to a document contained in his parole file. (See D.E. 170 p. 4, ¶¶ 16-17).

21. Nevertheless, Detective Sauceda, County Atty's Office, DA's Office, Texas Department of Criminal Justice (TDCJ), and Texas Board of Pardons and Paroles are all departments and agents of the State of Texas, "creatures of the same bureau." Federal Deposit Ins. Co., v. Harwitz, 384 F.Supp.2d 1039, ___ (S.D. Tex. 2005).

## C. Conclusion

22. Because the Court incorrectly interpreted Goffney claims nor did it refer to or comment on the preliminary injunction, or consider the plethora of evidence that entitles Plaintiff injunctive relief. Goffney asks the Court to add to or amend its findings of facts.

Signe this 6th day of May 2020

Respectfully submitted,

_____
Nikita Goffney 1582154
810 FM 2821
Huntsville Texas 7734

6

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON-DIVISION

| | | |
|---|---|---|
| NIKITA VAN GOFFNEY | § | |
| Plaintiff | § | |
| | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-02-2638 |
| | § | |
| J. SAUCEDA, ET AL., | § | |

ORDER ON PLAINTIFF'S MOTION TO ADD OR AMEND FINDINGS

After considering Plaintiff Goffney's motion to add or amend findings of fact and the response, the court

GRANTS the motion

SIGNED on _____, 2020

_____
US DISTRICT JUDGE

6 May 2020

Dear Clerk,

Please find enclosed plaintiff Gaffney's motion to add or amend findings of fact and conclusions of law. Will you please file this document at your earliest manner of business and bring the same to the attention of the court.

*[signature]*

Gaffney, Neira 582354
810 FM 2821
Huntsville, Texas 77349

s Legal Mail

United States District Court
Southern District of Texas
Post Office Box 61010
Houston, Texas 77208



United States Courts
Southern District of Texas
FILED
MAY 11 2020
David J. Bradley, Clerk of Court